# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARSON MACDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-568 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TIMOTHY GREEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

On April 29, 2021, Defendant Uber Technologies, Inc. ("Uber") filed a Notice of Removal, removing this case from state court in Pinellas County, Florida to the United States District Court for the Western District of Pennsylvania. (Doc. 1.) The next day, given that Plaintiff's counsel was not registered as a user of ECF in the United States District Court for the Western District of Pennsylvania and based out-of-state, the Clerk's Office sent a letter to Plaintiff's counsel regarding admission to practice in this District using his address as listed in the complaint (Ryan M. Hutchinson, Esquire, at HUTCH FIRM, 312 S. Bungalow Park Ave., Tampa, FL 33609).

A little over a month later, having received no response from Plaintiff's counsel, the Court issued an Order to Show Cause on June 2, 2021 (hereinafter "June 2nd Order"). (Doc. 3.) The Court ordered that Plaintiff "show good cause why this case should not be dismissed for failure to prosecute" on or before June 14, 2021. Id. The Court further elaborated that a letter had been sent to Plaintiff's counsel regarding admission to practice, but that there had been no action from Plaintiff on the docket to date. Id. Now more than two weeks have passed since this

deadline, and Plaintiff has yet to file anything on the docket or otherwise contact the Court to attempt to comply with the June 2nd Order.

A district court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with a court order. Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). When doing so, the district court considers the factors identified in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Specifically here, dismissal is warranted under the Poulis factors because Plaintiff's counsel's conduct is willful, his neglect is inexcusable and alternative sanctions would be ineffective. Id. at 868.

Plaintiff has taken no steps to prosecute this case since the case was removed on April 29, 2021. Plaintiff's counsel has seemingly ignored the process required to practice in this District and to move this case forward. Nor has Plaintiff's counsel filed anything on the docket, such as a motion to remand within the applicable time period. In addition, Plaintiff's counsel's failure to respond to the Court's June 2nd Order by June 14, 2021 was willful. There is no doubt that counsel had notice of the Order,[1] and counsel has made no effort to comply although more than two weeks have passed since the deadline. The Court is not persuaded any other sanction would be effective, because Plaintiff is not actively pursuing this case and has entirely failed to communicate with the Court. Plaintiff's counsel has not done even the bare minimum

---

[1] The Court has no reason to doubt Plaintiff's counsel's awareness of the removal and the June 2nd Order. The Notice of Removal filed in this Court attaches a certificate of service from Defendant Uber certifying service on April 29, 2021. (Doc. 1-6.) In addition, the state court docket reflects a Notice of Removal filed on April 30, 2021. The Court's June 2nd Order was also mailed to Plaintiff's counsel at Ryan M. Hutchinson, Esquire, at HUTCH FIRM, 312 S. Bungalow Park Ave., Tampa, FL 33609. In addition, although Plaintiff's counsel is not a registered ECF user, an email notification was still sent to him regarding the June 2nd Order to the email address listed in the complaint, which is ryan@hutchfirm.com.

required—following the procedures to appear in this Court—despite attempts by the Court to notify Plaintiff's counsel and a clear warning of possible dismissal in the June 2nd Order. Given these circumstances, the Court sees no reason to continue to adjudicate this case.

For these reasons, and consistent with the express terms of the June 2nd Order, the above-captioned case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

June 30, 2021                                               s\Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):

All counsel of record


cc (via First-Class U.S. Mail):

Ryan M. Hutchinson, Esquire
HUTCH FIRM
312 S. Bungalow Park Ave.
Tampa, FL 33609